IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41381
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY CRUZ PEDRAZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-290-1
--------------------
June 18, 2002

Before DUHÉ, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Roy Cruz Pedraza appeals his conviction for possession with intent to distribute approximately 1098 grams of methamphetamine in violation of 21 U.S.C. § 841. He argues that the district court erred in denying his motion to suppress evidence seized following a pat-down search during questioning on a bus. He argues that the officer did not advise him that he could refuse to consent to the search and that he did not feel free to refuse the officer's

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requests. The district court did not clearly err in finding that Pedraza voluntarily consented to the pat-down search. See Florida v. Bostick, 501 U.S. 429, 435 (1991); see also United States v. Cooper, 43 F.3d 140, 146 & n.4 (5th Cir. 1995); United States v. Galberth, 846 F.2d 983, 988-89 (5th Cir. 1988). The district court found that Pedraza's motive for consenting to the search was to avoid suspicion; the restriction of movement was self-imposed because Pedraza chose to travel by bus; Officer Ramiro Martinez did not act in an intimidating manner; Pedraza was not under arrest at any time until after Officer Martinez discovered the narcotics; and a reasonable person similarly situated would have felt that he had the right to refuse to consent. Pedraza has not shown that the district court erred in denying his motion to suppress the evidence seized during the pat-down search.

Pedraza also argues that 21 U.S.C. § 841 is unconstitutional in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by this court's precedent. United States v. Fort, 248 F.3d 475, 482 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001). This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.